UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61127-CIV-SINGHAL

MAXIMILIANO SANTANA DIAZ,

     Petitioner,

vs.

MARKWAYNE MULLIN, in his official capacity
as Secretary of the United States Department
of Homeland Security, *et al.*,

     Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**").  (DE [1]).  The Court has considered the Petition (DE [1]) and **DENIES** same for the reasons set forth below.

### I.    BACKGROUND.

Petitioner is a Mexican citizen who is present in the United States without admission.  (DE [1] at ¶¶ 11, 17).  Petitioner was detained by immigration authorities on April 9, 2026, after he was arrested for driving without a driver's license.  (DE [1] at ¶ 2).  He has not moved for bond before the immigration judge but submits that this failure is excused because the immigration judge is bound by caselaw to hold he is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (DE [1] at ¶ 11 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner seeks habeas relief, arguing that his detention violates **(1)** the Fifth Amendment's due process clause; **(2)** the Immigration and Nationality Act ("**INA**") to the extent he is subject to section 1226, not section 1225; and **(3)** a "[b]ond [r]egulation[]" promulgated in 1997.  (DE [1] at 7–10).

## II.   LEGAL STANDARD.

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

Section 2243, however, authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

## III.   DISCUSSION.

Petitioner's arguments are addressed in turn.

### A. Petitioner is Lawfully Detained Pursuant to Section 1225(b)(2).

Petitioner first argues that he is subject to section 1226, not section 1225(b)(2).  As this Court explained in *Morales v. Noem, ---* F. Supp. 3d ---, 2026 WL 236307 (S.D. Fla. Jan. 29. 2026), aliens present in the United States without admission are "applicants for admission" subject to section 1225(b)(2)'s mandatory detention scheme.  Although parting ways with the Seventh Circuit's decision in *Castañon-Nava v. Department of*

*Homeland Security*, 161 F.4th 1048 (7th Cir. 2025), this Court's interpretation keeps good company with the Fifth and Eighth circuits' holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, --- F.4th ---, 2026 WL 819258 (8th Cir. March 25, 2026).  Because Petitioner is present in the United States without admission, he is an "applicant for admission" and subject to section 1225(b)(2).  Accordingly, his mandatory detention does not violate the INA.

### B. Petitioner's Detention Does Not Violate Due Process.

Petitioner's reliance on *Mathews v. Eldridge*, 424 U.S. 319 (1976), is misplaced. That case addressed whether the Fifth Amendment required an evidentiary hearing before the government could terminate a social security benefit.  *Id.* at 323.  In answering that question, the Court explained that

> due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335 (citing *Goldberg v. Kelly*, 397 U.S. 254, 263–71 (1970)).

But here, Petitioner does not assert that the government has ***erroneously*** deprived him of liberty by, for example, erroneously detaining him instead of a different alien.  Indeed, Petitioner admits that he entered the United States without admission or parole before being detained.  (DE [1] at ¶ 11).  Because Petitioner's detention complies with section 1225(b)(2) and he identifies no risk of erroneous deprivation of liberty caused by his bond denial, *Mathews* is inapposite.

3

### C. Petitioner's Detention Does Not Violate a Federal Regulation.

Finally, Petitioner's reliance on a purported 1997 federal regulation fails for three reasons.  First, the cited authority in the Federal Register is not part of a codified regulation but is the agency's explanation, during the notice and comment process, of an interim rule.  In other words, it binds no one.  *See Varela v. Nunez*, 2026 WL 942263, at *2 (S.D. Fla. Apr. 8, 2026).  Second, the mere fact that the executive chose to treat applicants for admission as eligible for bond, as evidenced by the 1997 agency explanation, does not mean that it cannot now change course and enforce the statute as written.  *See Id.* (citing *Morales*, --- F. Supp. 3d ---, 2026 WL 236307).  Third, the 1997 explanation cuts against Petitioner's position to the extent it acknowledges that "aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination" "*despite being applicants for admission*."  *Id.* (quoting 62 Fed. Reg. at 10333 (emphasis added)).  Accordingly, the 1997 explanation does not help Petitioner.

Because Petitioner is not unlawfully detained, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of April 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

4